### Case No. 4,823.

FISHER v. RUTHERFORD et al.

[Baldw. 188.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1830.

Mr. Wall, for plaintiff.

[1] [Reported by Henry Baldwin, Esq.]

Mr. Vanarsdale and Mr. Wood, for defendants.

BY THE COURT. It has been made a ground of objection to the motion to amend the original bill, that the suit has abated, and must be revived before the bill can be amended, but this objection is not sustained in point of fact. One of the original plaintiffs is alive, in whom the rights of both unite, as well by survivorship as by a conveyance from the executors of the deceased party. Two of the original defendants are also alive. There is therefore a cause in court between original parties, pending and open on the pleadings without an issue, so that the object of the bill of revivor is not to make a new suit, but to add other parties to one which has never abated. The demurrer to the bill of revivor and supplemental bill, pointed to a fatal objection to the jurisdiction of the court over the cause, inasmuch as there was no averment of the citizenship of the defendants in the original bill. As this is an objection always open, and conclusive against any action of the court after it is made, the cause will be coram non judice, unless it can be made to appear on the record that the defendants are citizens of New Jersey. The consequence therefore of sustaining this objection must be, that if there can be no amendment without revival, there can be no revival without amendment, as there will be no proceeding over which the court can exercise jurisdiction. The judgment on the demurrer is not final; had it been in favour of the plaintiff, the defendant would have been ordered to answer over, or plead to the bills, and after a judgment against him, the plaintiff may amend at any time. Where judgment was arrested for the want of jurisdiction in not averring the value of the property in controversy, the plaintiff was permitted to amend by adding the averment. Lanning v. Dolph [Case No. 8,073]. It is the common practice to amend by inserting the averment of citizenship of parties, wherever the want of it is suggested. Connolly v. Taylor, 2 Pet. [27 U. S.] 565. The averment of value and citizenship are both indispensable to the jurisdiction of the court, yet are mere matters of form, as regards the merits of the case, and will be added, if true, in point of fact. Though the averment is not in the record, and the judgment would be reversed on error, yet it would not be a nullity to be avoided collaterally. Kemp v. Kennedy, 5 Cranch [9 U. S.] 173. It is too late to object to the jurisdiction after an affirmance in the supreme court and a mandate for execution. Skillern v. May, 6 Cranch [10 U. S.] 267. So if all parties are aliens, the court may sustain jurisdiction, if no objection is made. Mason v. The Blaireau, 2 Cranch [6 U. S.] 264. In this case, there is jurisdiction in fact, as the defendants are citizens of New Jersey, the amendment is no surprise to them, and is in fact mere form, so considered by all parties who, with knowledge of the defect, and the decisions of the supreme court, have suffered the cause to remain in its original form from 1795 till 1826, without suggesting any want of jurisdiction.

It has been objected that the act of limitations has barred the plaintiff of all remedy, so as to prevent the court from affording him any aid in the prosecution of this suit, but so far as respects the matter in the original bill, the judgment of the court on the plea of the statute heretofore filed by the defendants, is conclusive on the parties who pleaded it and their privies. They cannot again set up the same matter as a bar, though it may be done by new parties (not privies to the parties who made the plea) to the original, the supplemental, or bill of revival; as to them the case will be open to all objections arising from any statutory limitation, any rule of equity adopted by analogy, or the staleness of the demand. But in the present stage of the case, we cannot yield to either objection, when made on a collateral question of amendment; they apply to the merits of the cause on a final hearing, or on plea or demurrer, not to a motion to so amend the record as to give the court jurisdiction to hear and determine the merits in some way.

By allowing the amendments, nothing is decided against the defendants; the original bill is not revived or new parties added, all questions as to the right of the plaintiff to revive, or whether there are proper parties to the suit, remain open; parties may be added after the reversal of a final decree, and the cause remanded to the circuit court. Russell v. Clark, 7 Cranch [11 U. S.] 99; Caldwell v. Taggart, 4 Pet. [29 U. S.] 190. It is therefore premature, to now decide upon any matter affecting the right to revive, or as to proper parties, till the court shall have the power to decide these questions on a proper record. A refusal to amend, is fatal to the plaintiff's case without the right of appeal;

the supreme court cannot review a motion to amend which rests in the discretion of this court, whereas an appeal would lie on our final decree against him, upon any of the grounds of objection now made to the proposed amendments. It would be hard to place him in this predicament, that he would be debarred of any appeal by our decision on any of the collateral questions which have been made in the argument, while all would be open to the defendant after a final decree. The staleness of the demand has been much insisted on, as a reason for refusing the amendments, but we cannot permit it to prevail. If the lapse of time brings the case, in our opinion, within the act of limitation, we cannot reverse the former judgment of this court; if it does not, then the staleness of the demand cannot be so palpable at the first blush, as to authorize us to throw the plaintiff out of court for this cause on a motion to amend. The judgment on the plea of the statute, is yet open to revision by the supreme court after our decree on the merits, and if we differed from our predecessors on that point, it would be but a decent respect to their memories to leave the question open.

There is, however, one question arising from the lapse of time, on which it is proper to give an opinion, that is, whether the motion to amend was not too late in 1827. This objection would have been a good one, if the plaintiff had delayed making the motion to amend an unreasonable time after the want of jurisdiction had been pleaded or suggested. It escaped the attention of all parties for more than thirty years after the commencement of the suit, when the defendants assigned it as one of the causes of demurrer; the present motion was made immediately after the judgment of the court, and was in due time. We are therefore of opinion, that the plaintiffs have a right to make the proposed amendments, according to the established principles of courts both of common law and equity, and that we are bound to allow them by the provisions of the thirty-second section of the judiciary act "in order to enable us to proceed and give judgment according to the right of the case."

Amendment allowed.